IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA DOUGLAS *individually and as the parent and natural guardian of K. E., a minor*,<br>　　　　　　Plaintiff,<br><br>　　　　v<br><br>BROOKVILLE AREA SCHOOL DISTRICT and KARIN HETRICK,<br>　　　　　　Defendants. | 2:10-cv-1087 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is MOTION FOR STAY OF PROCEEDINGS filed by Defendant Karin Hetrick (Doc. No. 9), PLAINTIFFS' RESPONSE TO THE MOTION FOR STAY OF PROCEEDINGS FILED BY DEFENDANT KARIN HETRICK (Doc. No. 13), and DEFENDANT, BROOKVILLE AREA SCHOOL DISTRICT, RESPONSE TO MOTION FOR STAY OF PROCEEDINGS FILED BY DEFENDANT, KARIN HETRICK (Doc. No. 15). Defendant Hetrick is seeking a stay of the above captioned civil action on the basis that she is also facing criminal charges with respect to Plaintiff, K.E., for the same conduct that forms the basis of the action *sub judice*.

"[T]he power to stay any proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Texaco, Inc. v. Borda*, 383 F.2d 607, 608 (3d Cir. 1967)(quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). A stay is an extraordinary measure, *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994), and calls for a court to exercise judgment and weigh competing interests. *Texaco*, 383 F.2d at 608.

As Plaintiffs and Defendant Brookville Area School District correctly note, in determining whether to stay civil proceedings, courts must consider and balance a number of factors. Some courts have analyzed this issue with consideration of five factors: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay; (2) the burden of defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *See, e.g., Pelzer v. City of Philadelphia*, Civ.A.No. 07-0038, 2007 WL 1377662 (E.D. Pa., 2007); *Shirsat v. Mutual Pharmaceutical Co., Inc.*, Civ.A.No. 93-3202, 1995 WL 695109 (E.D. Pa., 1995); *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*¸87 F.R.D. 53, 56 (E.D. Pa., 1980).[1]

It is well settled that before a stay may be issued, the petitioner must demonstrate "a clear case of hardship or inequity," if there is "even a fair possibility" that a stay would work damage on another party. *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)(quoting *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)). In such cases, courts have found clear damage to plaintiffs by way of "the hardship of being forced to wait an indefinite and … a lengthy time before their cases are heard." *Id.* As such, the interest of the plaintiff in proceeding expeditiously in the resolution of their civil action as balanced against any prejudice that may arise from delay weighs against any stay.

The Court next considers the burden on the Defendant Hetrick. The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The breadth of that protection,

---

[1] Other sister courts within the Third Circuit have approached the issue in essentially the same manner, yet through the consideration of six factors: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendant has been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; 4) the private interests of and burden on defendant; 5) the interests of the Court; and 6) the public interest. *See, e.g., Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998). This analysis will follow the five factor approach.

however, has been recognized to be "much broader than those words suggest." *U.S. v. Frierson*, 945 F.2d 650, 656 (3d Cir. 1991)(quoting W. Lafave & J. Israel, *Criminal Procedure* § 23.4, at 883 (1985)). Beyond the protection within the course of a criminal trial, the protection of the Fifth Amendment allows any person "not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Id.* (quoting *Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S.Ct. 1136, 1141 79 L.Ed.2d 409 (1984)). Irrespective of any decision with respect to Defendant Hetrick's motion to stay proceedings, she is not deprived of her constitutionally protected rights. However, the exercise of such protection can only occur in response to particular questions directed against a party in a civil action where the answers might tend to incriminate her. *See, e.g.*, *DeVita v. Sills*, 422 F.2d 1172, 1178 - 79 (3d Cir. 1970). Further, no party has a constitutional right to be relieved of the burden of either asserting the Fifth Amendment protection or responding to questions in a civil matter. *Id.*

The Court also notes that Defendant Brookville Area School District is not a party to the state criminal proceeding and opposes the stay of proceedings requested by Defendant Hetrick. Doc. No. 15. Somewhat supplemental to that position, Plaintiffs note that with their civil case "much of the focus will be on what occurred in relation to school and school property and whether the school district had notice of same. In the criminal case, the focus will be strictly on the conduct of Defendant Hetrick and whether that conduct arose to the level of criminal conduct." Doc. No. 13 at 4. To that end, Plaintiff also proposes their amenability to avoiding particular means of discovery, namely a deposition of Defendant Hetrick, in order to side-step any issues associated with possible self-incrimination. Taken together, particularly Plaintiffs' acknowledged willingness and intention to proceed in such a manner as to proceed without

collision with Defendant Hetrick's Fifth Amendment protections, Defendant Hetrick has not established a clear case of hardship or inequity to justify a stay of the proceedings.

Two of the other factors, the convenience to the Court and the interests of people not parties to the litigation, are not factors in the decision. With respect to the fifth factor, the public interest in deterring civil rights abuses weighs in favor of denying the stay. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 651 652, 100 S.Ct. 1398, 1416, 63 L.Ed.2d 673 (1980).

In sum, the Court will deny the motion to stay. An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA DOUGLAS<br>*individually and as the parent and natural guardian*<br>*of K. E., a minor*,<br>          Plaintiff,<br><br>v<br><br>BROOKVILLE AREA SCHOOL DISTRICT and<br>KARIN HETRICK,<br>          Defendants. | ) <br> ) <br> ) <br> ) 2:10-cv-1087 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

AND NOW, this 15th day of November, 2010, upon consideration of Defendant Karin Hetrick's MOTION TO STAY PROCEEDINGS (Doc. No. 9), and the responses thereto filed by Plaintiffs (Doc. No. 13), and Defendant Brookville Area School District (Doc. No. 15), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the motion is **DENIED.** Defendant Hetrick is further ORDERED to file an answer to Plaintiffs' complaint on or before November 29, 2010.

                      BY THE COURT:

                      s/Terrence F. McVerry
                      United States District Judge

Cc:    James J. Ross, Esquire
        jross@brf-law.com

        Thomas E. Breth, Esquire
        tbreth@dmkcg-law.com

        Blair H. Hindman, Esquire
        gnhh@choiceonemail.com