# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA DOUGLAS *individually and as the parent and natural guardian of K. E., a minor*, <br>　　　　　　Plaintiff, <br><br>　　　　　v <br><br>BROOKVILLE AREA SCHOOL DISTRICT and KARIN HETRICK, <br>　　　　　　Defendants. | ) ) ) ) ) 2:10-cv-1087 ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) filed by Defendant Brookville Area School District (Doc. No. 11), with brief in support (Doc. No. 12), and PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT BROOKVILLE SCHOOL DISTRICT'S MOTION TO DISMISS (Doc. No. 16).

Plaintiff, Lisa Douglas, in her individual capacity, and as parent and natural guardian of her minor daughter, K.E., filed a Complaint against Defendant Brookville Area School District ("Defendant School District"), alleging in Count I a civil rights violation under section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and, in Count II, a violation of Title IX of the Civil Rights Act of 1964, 20 U.S.C. §§ 1681, *et seq*. *See* Doc. No. 1. The claims generally stem from the period between November 2009 and March 2010 during which K.E., a 15 year old female student at the Brookville Area High School, was allegedly sexually assaulted by Defendant Karin Hetrick, a teacher and coach at the high school, on a continuing basis. *Id.*

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a pleading which "states a claim for relief must contain .... (2) a short and plain statement of the claim showing that the pleader is

entitled to relief." The Rule further provides that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed.R.Civ.P. 8(d). "The touchstone of Rule 8(a)(2) is whether a complaint's statement of facts is adequate to suggest an entitlement to relief under the legal theory invoked and thereby put the defendant on notice of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 2010 U.S.App. LEXIS 17107, *45-*46, n. 18 (3d Cir. Aug.16, 2010) ("Brokerage Antitrust"), *citing Twombly*, 550 U.S. at 565, n. 10.

In the aftermath of *Twombly* and *Iqbal*, and the interpretation of those two cases by the United States Court of the Appeals for the Third Circuit in a series of precedential opinions, the pleading standards which allow a complaint to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) have taken on slightly new parameters. Beginning in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir.2008), the Court of Appeals noted, "After *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action;' instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Phillips*, 515 F.3d at 233, *quoting Twombly*, 550 U.S. at 563, n. 8 (alteration in original.) In its next important case to address the standard for motions to dismiss, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009) the Court of Appeals noted that following *Twombly* and *Iqbal*, conclusory "bare-bones" allegations that "the defendant unlawfully harmed me" no longer suffice. A civil complaint must now include "sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210; *see also Twombly*, 550 U.S. at 555, holding that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." The *Fowler* court further directed that:

> after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal

2

> elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief."

*Fowler*, 578 F.3d at 210-211 (quotations and citations omitted.)

Thus, the current formulation of the standard of review for a motion to dismiss under Rule 12(b)(6) requires the court to determine if the plaintiff's claims are "plausible." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *see also Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir.2009); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010); and *Bob v. Kuo*, No. 10-1615, 2010 U.S.App. LEXIS 14965, *4 (3d Cir. July 20, 2010). "[W]hat suffices to withstand a motion to dismiss necessarily depends on substantive law and the elements of the specific claim asserted." *Brokerage Antitrust*, 2010 U.S.App. LEXIS 17107 at *46, n. 18. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Brokerage Antitrust*, *id*. at *177, *quoting Iqbal*, 129 S.Ct. at 1950.

The Third Circuit's latest summation of the standard is that "[w]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, but we require more than mere assertions devoid of further factual enhancement." *Dawson v. Frias*, CA No. 10-2200, 2010 U.S.App. LEXIS 21278, *2 (3d Cir. Oct. 14, 2010) (internal citations and quotations omitted.) "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements.'" *Bamigbade v. State Farm Mut. Auto. Ins. Co.*, Nos. 09-3868 and 09-4229, 2010 U.S.App. LEXIS 17033, *3-*4, 2010 WL 3096035 (3d Cir. Aug. 9, 2010), *quoting Iqbal*, 129 S.Ct. at 1949. "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. The Supreme Court's formulation of the pleading standard in *Twombly* does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir.2009) (internal quotations omitted.)

## LEGAL ANALYSIS

Defendant School District avers three bases for dismissal, each of which will be addressed in *seriatim*.

### A. Claims brought in Plaintiff's individual capacity

According to the complaint, "As a direct and proximate result of the customs, practices and/or policies of the Brookville Area School District, Lisa Douglas has been required to provide medical treatment and counseling for K.E. and has been required to pay fees associated with such treatment and counseling." Doc. No. 1 at ¶¶ 27 & 30. Defendant School District argues that the claims brought by Plaintiff Lisa Douglas in her individual capacity should be dismissed for lack of standing. Doc. Nos. 11 & 12. More specifically, Defendant School Board contends that the individual claims brought by Plaintiff are essentially impermissible attempts to recover for the deprivation of the civil rights of a third party. *See* Doc. No. 12 at III.

Although styled as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, Defendant's challenge that Plaintiff lacks standing is technically an attack on this Court's subject matter jurisdiction and is

properly brought pursuant to Federal Rule of Civil Procedure 12(b) (1).  *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir.2007).  Because Defendant has raised the issue, the Court will treat it as one raised pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Garcia v. Richard Stockton Coll. of N.J.*, 210 F.Supp.2d 545, 548 (D.N.J.2002) (treating defendant's motion to dismiss as one brought pursuant to Federal Rule of Civil Procedure 12(b)(1), despite defendant's description of motion as one being brought pursuant to Federal Rule of Civil Procedure 12(b)(6)).

Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.  *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir.2003).  On a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'"  *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir.1996) (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  However, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561.

Federal Rule of Civil Procedure 17(c) permits a guardian, as a representative, to sue on behalf of a minor.  Fed.R.Civ.P. 17(c).  Defendant School District does not dispute Plaintiff Douglas' ability to bring the action on behalf of her minor daughter, K.E.  Instead, Defendant School District challenges Plaintiff's ability to recover fees and expenses allegedly incurred by Douglas on behalf of K.E. as part of K.E.'s medical treatment and counseling.  The ability to

5

pursue a claim for past and future medical expenses incurred or to be incurred by parents in the care of their injured child is well-settled law. *See, e.g., Fields v. Graff*, 784 F.Supp. 224 (ED Pa. 1992); *Olivieri v. Adams*, 280 F.Supp. 428 (E.D.Pa.1968); *see also, Meisel v. Little*, 407 Pa. 546, 180 A.2d 772 (1962). The Court finds that Plaintiff has averred general factual allegations sufficient to have standing to pursue her claims against Defendant School District in her individual capacity.

**B. Count I against Defendant School District brought under section 1983**

Defendant School District moves to dismiss Count I of the complaint, the claim brought pursuant to 42 U.S.C. § 1983, for a failure to state a claim for which relief can be granted. Doc. Nos. 11 & 12. The Court begins by noting that section 1983 does not create substantive rights; rather, it allows a plaintiff to recover damages for violations of rights protected by other federal laws or by the United States Constitution. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). While the complaint does not specifically identify what federal law has allegedly been violated, it is well-established that students have a constitutional right to be free "from invasion of [their] personal security through sexual abuse." *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 726 (3d Cir.1989), *cert. denied*, 493 U.S. 1044, 110 S.Ct. 840, 107 L.Ed.2d 835 (1990). More particularly, K.E. has a liberty interest in her bodily integrity that is protected by the Fourteenth Amendment, an interest that is violated by sexual molestation by a teacher. *See Black v. Indiana Area School District*, 985 F.2d 707, 709 n. 1 (3d Cir.1993)(citation omitted).

A school district may be liable under 42 U.S.C. § 1983 for the violation of an individual's federal statutory or constitutional rights when it implements an official policy or custom that results in a constitutional deprivation. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") At the same time, however, a school district cannot be held liable solely for the acts of its employees on a *respondeat superior* theory. *Id.* at 691.

In order to hold a school district liable pursuant to § 1983 for the sexual abuse of a student by one of its teachers, a plaintiff must show that the school district: (1) had a policy, practice, or custom which played an affirmative role in bringing about the sexual abuse, and (2) that the school district acted with deliberate indifference to that abuse. *Black.*, 985 F.2d at 712. A custom or practice, although not authorized by law, may consist of a course of conduct so permanent and widespread that it has the force of law. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.1990). In *Stoneking*, the United States Court of Appeals for the Third Circuit set forth the standard for determining whether a school district establishes a policy, practice, or custom that results in the kind of constitutional violation at issue here. "[A]lthough the mere failure of supervisory officials to act or investigate cannot be the basis of liability," school officials may not "maintain a custom, practice or usage that communicate[s] condonation or authorization of assaultive behavior." *Stoneking*, 882 F.2d at 730.

Plaintiff generally alleges that Defendant School District exhibited deliberate indifference to the sexually harassing and assaultive behavior of its employees and faculty members that played an affirmative part in the sexual molestation of K.E. by Defendant Hetrick. The allegations of deliberate indifference are set against the backdrop of an apparent atmosphere in which teachers and other employees of the school district engaged in similar sexually assaultive behavior that was primarily directed at female students in the high school. In support of their

7

claims, Plaintiff alleges the following incidents known to the Defendant school district that occurred prior to the conduct of Defendant Hetrick with K.E.:

a) A teacher for the Brookville Area School District "was investigated and accused of sexual assaults upon a student or several students during the 2001-2002 and 2002-2003 school years." At the time, the students were enrolled in the Brookville Area High School and the conduct underlying the investigation occurred at the Brookville High School. The teacher was ultimately convicted of indecent assault by a jury in the Court of Common Pleas of Jefferson County in December of 2004.

b) Another Brookville Area High School teacher was investigated "for improperly soliciting and making advances of a sexual nature toward female students" during the 2006-2007 school year. The Pennsylvania Department of Education sought discipline against the teacher, alleging that the teacher engaged in an inappropriate relationship with a seventeen year old student. Through a settlement agreement, the teacher's professional educator certification was suspended.

c) During the 2007-2008 school year, a former student reported an allegation against a teacher for an incident that occurred many years before. Defendant School District conducted an investigation, and the teacher subsequently resigned at the conclusion of the school year.

d) During the 2008-2009 school year, an employee of the Defendant School District's Tech Department allegedly "engaged in sexual affairs/abuse with several female teachers, both on school property and elsewhere. As a result of this situation, the tech person and one or more of the teachers were either dismissed or resigned from their positions."

Doc. No. 1 at ¶ 20. Plaintiff alleges that Defendant School District was aware of each of these incidents, yet took no steps to train its teachers or personnel to prevent other such conduct from occurring in the future. With the exception of the 2006-2007 incident, Plaintiff further contends that Defendant School District took no additional action to correct the problems. *Id.* Following the 2006-2007 incident, Defendant School District "secured a grant to place a resource (police) officer in the high school to monitor such conduct and to assist the students with an outlet for problems of this nature." *Id.* The officer was in place during the 2007-2008 school year, yet, according to Plaintiff, at the conclusion of that year, "the Brookville Area School district terminated the position of the resource officer, and said officer was no longer in place … because the School Board did not feel that the position was necessary." *Id.*

Beyond the more general context of sexually assaultive and/or harassing behavior of school district employees toward females, particularly female students in the high school, Plaintiff further alleges that Defendant School District knew about or was on notice regarding the conduct of Defendant Hetrick involving K.E. *Id.* at ¶ 15. Plaintiff generally alleges that, *inter alia*, Defendant Hetrick sexually assaulted K.E. on an ongoing basis in Hetrick's classroom and on school property during and after school hours between November 2009 and March 2010, and that the relationship between Defendant Hetrick and K.E. was open, obvious, and notorious. *Id.* at ¶ 21.d.-f. More specifically, Plaintiff alleges that:

  a) Defendant Hetrick transported K.E. both to and from school related functions, including driving K.E. to school in the morning, parking in the teacher's parking lot where they would enter the school together ; and,

9

b) Defendant Hetrick required K.E. to come to Hetrick's classroom during and after school hours, a requirement that was "noticeable to a number of school personnel and other students"[1].

Doc. No. 1 at ¶ 21.h. Further Plaintiff alleges that Defendant Hetrick's conduct was made known to Defendant School Board on March 23, 2010, and that the School District took no action to preclude further contact between Defendant Hetrick and K.E. *Id.* at ¶ 21.h. On March 24, 2010, Defendant Hetrick allegedly "pulled K.E. out of a class session on school property and advised K.E. that school officials knew of the situation [and] … asked K.E. to tell [Plaintiff Douglas] not to press the matter." *Id.* On that same day, "the Brookville Area School District Superintendent and High School Principal called minor K.E. into the school office … and questioned K.E. without her mother's knowledge." Despite allegedly conducting this questioning, according to Plaintiff, Defendant School District took no action to report the conduct to law enforcement, and that it was Plaintiff who reported it on March 25, 2010. *Id.*

As noted above, Plaintiff must prove that Defendant School District established and maintained a custom or policy that affirmatively contributed to K.E. being assaulted. *See Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 176 (3d Cir.2001). Additionally, Plaintiff must establish that a supervisory official or final policy maker of the school district, with actual knowledge of similar conduct in the past, acted with deliberate indifference in response thereto. *See id.*

A custom exists when a policy, though not an official edict, is so well-settled and permanent that it approximates official policy. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996). Custom may be established by knowledge and acquiescence on the part of an

---

[1] According to the complaint, one teacher allegedly even inquired of K.E. why she was spending so much time in Defendant Hetrick's classroom. Doc. No. 1 at ¶ 21.c.

official policymaker. *Id.* The courts have noted three scenarios in which a government employee's actions, or in this case, school district employee's actions may be deemed to be the result of a policy or custom of the entity that subjects the school district to § 1983 liability: (1) when an appropriate officer or entity promulgates a statement of policy and the employee's act is an implementation of that policy; (2) when the act of the policymaker violates federal law; and (3) when a policymaker fails to act affirmatively despite the obvious need for action to control agents of the government. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir.2003). Plaintiff's claims against Defendant School District appear to implicate the third scenario.

According to Plaintiff, Defendant School District maintained several customs that ultimately resulted in the conduct of Defendant Hetrick with K.E. Plaintiff contends that Defendant School District had a custom of inadequate training for employees to respond to incidents of either sexual harassment or sexually assaultive behavior, particularly following incidents of sexual behavior involving teachers and female high school students. Somewhat related to that, Plaintiff alleges a custom of Defendant School District to either ignore or downplay the reports of sexual impropriety, including, but not limited to, the reaction by school officials to the conduct of Defendant Hetrick.

Failure to train is a valid basis for § 1983 liability only when such failure amounts to deliberate indifference. *Beck*, 89 F.3d at 971-72 (noting the adoption of the deliberate indifference standard in other policy/custom contexts outside the area of police training) (*citing City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)); *Young v. Pleasant Valley Sch. Dist.*, No. 3:07-cv-854, 2008 WL 417739 at *5 (M.D. Pa. Feb 13, 2008). In *City of Canton v. Harris*, the Supreme Court stated that,

> [i]t may seem contrary to common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

489 U.S. at 390. Beyond averring a failure to properly train its employees, Plaintiff must also establish that the deficiency in training is related to the ultimate injury. *City of Canton*, 489 U.S. at 391. In other words, the acquiescence, encouragement or condonation must contribute to the injury. *Beck*, 89 F.3d at 972 (*citing Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.1990)).

In order to do so, Plaintiff must demonstrate a "plausible nexus" or "affirmative link" between the custom and the deprivation of constitutional rights. *Bielevicz*, 915 F.2d at 850. "This causal connection can be established by alleging 'that policymakers were aware of similar conduct in the past, but failed to take precautions against future violations, and that this failure, at least in part, led to their injury.'" *Gottlieb* 272 F.3d at 176 (*quoting Losch v. Borough of Parkesburg, Pa.*, 736 F.2d 903, 910 (3d Cir. 1984). Similarly, a failure to train amounts to deliberate indifference when the failure has caused a pattern of violations. *Kelly v. Borough of Carlisle*, 622 F.3d 248, 265 (3d Cir. 2010); *Kline ex rel. Arndt v. Mansfield*, 255 Fed. Appx. 624, 630, No. 06-4583, 2007 WL 4171108 at *3 (3d Cir.2007) (discussing allegations of failure to train school district employees to recognize and report sexual abuse).

The Court has no difficulty finding that Plaintiff has adequately alleged the existence of several customs that may have proximately caused injury. Plaintiff has pled a pattern of similar sexually assaultive and harassing incidents that have occurred beginning with the 2001-2002 school year and continuing to the time of the alleged assault of K.E. that could have been caused by the failure to properly train or to take other steps to curtail such behavior. Further, with respect to the specific allegations involving Defendant Hetrick, Plaintiff pled aspects of Hetrick's

conduct that was both open and observed by other faculty members, and also pled a reaction by school district employees over the course of March 23 – 24, 2010 that could demonstrate a decision to either downplay or ignore the allegations.

The Court's analysis does not stop there, however. Liability under § 1983 must stem from policy making authority. Only an individual with final decision-making authority can make official policy on behalf of the school district. *See Pembauer v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). "[I]n order to ascertain who is a policy maker a court must determine which official has final, unreviewable discretion to make a decision or take action." *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir.1996). Whether a person has final decision-making authority is a question of state law. *McGreevy v. Stroup*, 413 F.3d 359, 368 (3d Cir.2005); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988).

A single decision by an individual with policy making authority may be sufficient to impose liability on the school district. *See Pembaur*, 475 U.S. at 480 (stating that "it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"); *McGreevy*, 413 F.3d at 367-68. At the same time, however, not every decision by an officer subjects a school district to liability. "[School district] liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483. If an employee's action is subject to discretionary review, the employee is not a final policymaker under § 1983. *Brennan v. Norton*, 350 F.3d 399, 428 (3d Cir.2003).

The final policy maker for a school district in Pennsylvania is typically the school board or the superintendent. *See* 24 Pa. Cons.Stat. Ann. §§ 5-508, 5-510, 5-514, 10-1081(superintendent duties); *McGreevy*, 413 F.3d at 369. While neither the school board itself nor the superintendent has been named in this case, the complaint does allege failures to train and/or discipline school district employees sufficient to provide notice to the school district of a custom or policy. *See SF ex rel. Freeman*, No. 08-581, 2008 WL 4680580 at *5 (noting that plaintiff's claims against school district arose from failure to train and supervise not just by principal but by school board overseeing individual officials and although complaint did not allege specific facts as to school board, the pleadings provided sufficient notice to the school district). In this case, Plaintiff attributes to Defendant School District a "custom, practice, and/or policy of deliberate indifference to and/or active concealment of instances of known or suspected sexual abuse of students and others by teachers and school personnel." Doc. No. 1 at ¶ 17. In view of the facts as pled, the complaint provides sufficient notice to Defendant School District for the purpose of its motion to dismiss. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (holding that notice pleading is sufficient for suits against local governments pursuant to § 1983); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that notice pleading is the standard under the Federal Rules of Civil Procedure unless a specific statutory provision compelling heightened pleadings). Along those same lines, the Court makes clear that it is not making a finding at this stage of the proceeding that the facts actually rise to the level of deliberate indifference; only that Plaintiff has sufficiently stated a claim and will be allowed to proceed with discovery.

**C. Count II against Defendant School District brought under Title IX**

Title IX proscribes discrimination, exclusion, or denial of benefits on the basis of sex in educational institutions or programs which receive federal funding. 20 U.S.C. § 1681 ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]").[2] While Title IX is enforced through agency oversight, *see* 20 U.S.C. § 1682, the Supreme Court has recognized an implied private right of action for parties, *see Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), as well as a monetary damage remedy in such private actions. *See Franklin v. Gwinnett Cnty. Pub. Schs.*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). Similar to 1983 claims, the Court has rejected a *respondeat superior* basis for liability. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998); *Warren*, 278 F.3d at 169.

To succeed on a Title IX sexual harassment claim, a student must show: (1) quid pro quo sexual harassment, or a sexually hostile educational environment; (2) actual notice by an "appropriate person" who has the authority to take corrective measures; and, (3) a response to the harassment that amounts to deliberate indifference. *Bennett v. Pa. Hosp. Sch. of Nurse Anesthesia*, No. Civ.A. 01-CV-4098, 2002 WL 32341792 at *3 (E.D.Pa. Oct.29, 2002) (citing *Gebser*, 524 U.S. at 291-92).

Defendant School District moves to dismiss on the basis that Plaintiff has failed to allege that actual notice by an appropriate person with authority to take corrective measures, and, even if they did, that Plaintiff has failed to allege a response that amounts to deliberate indifference. Doc. No. 12. A plaintiff may not recover damages against a school district unless "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct."

---

[2] Defendant School District does not dispute that it is the recipient of federal funding.

*Gebser*, 524 U.S. at 277; *see also Bostic v. Smyra Sch. Dist.*, 418 F.3d 355, 359 (3d Cir.2005). In view of the facts noted herein, including the averments that 1) Defendant School District was aware of the allegations involving Defendant Hetrick on March 23, 2010, yet took no steps to preclude Hetrick from having further contact with K.E., nor did it notify Plaintiff about the allegations; 2) that Defendant Hetrick subsequently tried to influence K.E. in terms of any investigation into the allegations; 3) that Defendant School District did not notify the police; and 4) that the Superintendent and High School principal nonetheless interviewed K.E. without informing Plaintiff, the Court finds that Plaintiff has sufficiently alleged that the appropriate officials had actual notice. In terms of whether these facts rise to the requisite level of deliberate indifference on the part of the officials cannot be decided at the motion to dismiss stage. Nevertheless, the Court once again, however, has no difficulty finding sufficient Plaintiff's allegations to state a claim and to proceed to discovery.

In sum, the Court will deny Defendant School District's motion to dismiss. An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA DOUGLAS *individually and as the parent and natural guardian of K. E., a minor*, <br>         Plaintiff, <br><br> v <br><br> BROOKVILLE AREA SCHOOL DISTRICT and KARIN HETRICK, <br>         Defendants. | ) <br> ) <br> ) <br> ) 2:10-cv-1087 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER OF COURT

AND NOW, this 20th day of December, 2010, upon consideration of Defendant Brookville Area School District's MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), (Doc. No. 11), and the response in opposition thereto filed by Plaintiff (Doc. No. 16), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the motion is **DENIED.** Defendant Brookville Area School District is further ORDERED to file an answer to Plaintiff's complaint on or before December 27, 2010.

                                          BY THE COURT:

                                          s/Terrence F. McVerry
                                          United States District Judge

Cc:    James J. Ross, Esquire
           jross@brf-law.com

           Thomas E. Breth, Esquire
           tbreth@dmkcg-law.com

           Blair H. Hindman, Esquire
           gnhh@choiceonemail.com