# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA DOUGLAS,                                    )
*individually and as the parent and natural guardian*  )
*of K. E., a minor*,                             )
                                                 )   **2:10-cv-1087**
          **Plaintiffs,**                        )
                                                 )
                                                 )
          **v**                                  )
                                                 )
                                                 )
**BROOKVILLE AREA SCHOOL DISTRICT,**             )
**SANDRA CRAFT**, *Superintendent of the Brookville*  )
*Area School District; and* **KARIN HETRICK,**   )
                                                 )
          **Defendants.**                        )
                                                 )

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

filed by Defendant Sandra Croft (Doc. No. 37), with brief in support (Doc. No. 38), and

PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT SANDRA

CRAFT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (Doc. No. 40). The motion

has been fully briefed and is ripe for disposition.

## PROCEDURAL HISTORY

Plaintiff, Lisa Douglas, in her individual capacity, and as parent and natural guardian of

her minor daughter, K.E., initiated this civil action with the filing of a four count complaint

against Defendant Brookville Area School District ("Defendant School District") and Brookville

Area School District teacher/athletic coach/extracurricular activities coordinator Karin Hetrick

("Defendant Hetrick"). Counts I and II were brought against Defendant School District, with

Count I alleging a civil rights violation under section 1983 of the Civil Rights Act of 1871, 42

U.S.C. § 1983, and, in Count II, a violation of Title IX of the Civil Rights Act of 1964, 20 U.S.C.

§§ 1681, *et seq. See* Doc. No. 1. Counts III and IV, a section 1983 claim and a state law cause of action for unlawful battery, were brought against Defendant Hetrick. All claims generally stem from the period between November 2009 and March 2010 during which K.E., a 15 year old female student at the Brookville Area High School at the time, was allegedly sexually assaulted by Defendant Hetrick on a continuing basis. *Id.*

On October 18, 2010, Defendant Brookville Area School District moved to dismiss the complaint, *see* Doc. No. 11, which the Court denied on December 20, 2010, *see* Doc. No. 25. Defendant School District answered the Complaint on December 27, 2010. Doc. No. 26. The Case Management/Scheduling Order followed, and set March 15, 2011 as the deadline for the parties to move to join additional parties. Doc. No. 27. Following a stipulation between the parties, Plaintiffs filed an amended complaint on March 14, 2011. Doc. No. 33. Plaintiffs' amended complaint included the original four counts, and added Defendant Craft as an additional party, as well as added a section 1983 claim against her (Count V). *Id.* According to the amended complaint, at all relevant times, Defendant Craft was employed as the Superintendent of Schools for the Brookville Area School District. *Id*. at ¶ 3.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Craft now moves to dismiss the claim against her for the failure to state a claim upon which relief can be granted. Doc. Nos. 37 & 38.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a pleading which "states a claim for relief must contain .... (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule further provides that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed.R.Civ.P. 8(d). "The touchstone of Rule

8(a)(2) is whether a complaint's statement of facts is adequate to suggest an entitlement to relief under the legal theory invoked and thereby put the defendant on notice of the nature of the plaintiff's claim." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 2010 U.S.App. LEXIS 17107, *45-*46, n. 18 (3d Cir. Aug.16, 2010) ("Brokerage Antitrust"), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565, n. 10, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In the aftermath of *Twombly* and the decision in *Ashcroft v. Iqbal*, 556 U.S. ---, ---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and the interpretation of those two cases by the United States Court of the Appeals for the Third Circuit in a series of precedential opinions, the pleading standards which allow a complaint to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) have taken on slightly new parameters. Beginning in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir.2008), the Court of Appeals noted, "After *Twombly*, 'it is no longer sufficient to allege mere elements of a cause of action;' instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Phillips*, 515 F.3d at 233, *quoting Twombly*, 550 U.S. at 563, n. 8 (alteration in original.) In its next important case to address the standard for motions to dismiss, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009) the Court of Appeals noted that following *Twombly* and *Iqbal*, conclusory "bare-bones" allegations that "the defendant unlawfully harmed me" no longer suffice. A civil complaint must now include "sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210; *see also Twombly*, 550 U.S. at 555, holding that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." The *Fowler* court further directed that:

> after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.

> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief."

*Fowler*, 578 F.3d at 210-211 (quotations and citations omitted.)

Thus, the current formulation of the standard of review for a motion to dismiss under Rule 12(b)(6) requires the court to determine if the plaintiff's claims are "plausible." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *see also Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir.2009); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010); and *Bob v. Kuo*, No. 10-1615, 2010 U.S.App. LEXIS 14965, *4 (3d Cir. July 20, 2010). "[W]hat suffices to withstand a motion to dismiss necessarily depends on substantive law and the elements of the specific claim asserted." *Brokerage Antitrust*, 2010 U.S.App. LEXIS 17107 at *46, n. 18. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Brokerage Antitrust*, *id*. at *177, *quoting Iqbal*, 129 S.Ct. at 1950.

The Third Circuit's latest summation of the standard is that "[w]e must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, but we require more than mere assertions devoid of further factual enhancement." *Dawson v. Frias*, CA No. 10-2200, 2010 U.S.App. LEXIS 21278, *2 (3d Cir. Oct. 14, 2010) (internal citations and quotations omitted.) "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Bamigbade v. State Farm Mut. Auto. Ins.*

*Co.*, Nos. 09-3868 and 09-4229, 2010 U.S.App. LEXIS 17033, *3-*4, 2010 WL 3096035 (3d

Cir. Aug. 9, 2010), *quoting Iqbal*, 129 S.Ct. at 1949. "A complaint may not be dismissed merely

because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on

the merits. The Supreme Court's formulation of the pleading standard in *Twombly* does not

impose a probability requirement at the pleading stage, but instead simply calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of the necessary element."

*McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir.2009) (internal quotations omitted.)

### LEGAL ANALYSIS

Plaintiffs generally allege that Defendant School District exhibited deliberate indifference

to the sexually harassing and assaultive behavior of its employees and faculty members that

played an affirmative part in the sexual molestation of K.E. by Defendant Hetrick. *See* Doc. No.

33. Plaintiffs' allegations of deliberate indifference are set against the backdrop of an alleged

atmosphere in which teachers and other employees of the school district engaged in similar

sexually assaultive behavior that was primarily directed at female students in the high school.[1]

*Id.* As noted above, in addition to the substantive due process claim against the Defendant

School District (Count I), the amended complaint includes a separate 1983 claim against

Defendant Craft (Count V). Defendant Craft now moves to be dismissed from the amended

complaint, contending that Count V is duplicative of Count I. Doc. No. 37. To that end,

---

[1]     The Court notes that in support of the claim of a School District custom, practice, or policy of deliberate indifference to instances of known sexual abuse of students, both the original complaint and the amended complaint alleged a relatively detailed chronology of various incidents of sexual abuse and/or assaults by teachers and/or school personnel in the seven to eight year period preceding the alleged assaults by Defendant Hetrick on minor-Plaintiff. *See* Doc. No. 1, original complaint, at ¶ 20, and Doc. No. 33, amended complaint, at ¶ 22. Further, both complaints alleged with detail the bases for the claims of actual notice by the School District and its personnel of the relationship between Defendant Hetrick and minor-Plaintiff. *Id.* at ¶ 21 and ¶ 23 (respectively). The Court has previously found that, based in part upon these factual averments, Count I states a claim upon which relief can be granted against Defendant School District. *See* Doc. No. 25. Further recitation of those facts is not necessary here, given the discreet legal argument advanced by Defendant Craft.

Defendant Craft argues that a claim against a government employee in an official capacity is tantamount to a claim against the governmental entity that employs the employee. *Id.*

In opposition, Plaintiffs claim that the alleged conduct is sufficient to state a claim against the Defendant Craft in her personal capacity. Doc. No. 40. In so doing, Plaintiffs concede that many of the factual underpinnings of Count I are the same as Count V, yet further contend that Count V includes allegations that are specific to Defendant Craft. *Id.* In particular, Plaintiffs note the following factual allegations regarding Defendant Craft taken from the amended complaint:

17. Prior to Hetrick's sexual assaults upon K.E., the Brookville Area School District and/or Defendant Craft knew or was/were on actual notice that Hetrick and other teachers had propensities to sexually abuse female students and also had actual prior notice of ongoing sexual assaults, abuse and harassment by teachers upon students that posed a significant threat to the health, safety and welfare of the student body at the Brookville Area School District in general.

47. Prior to the unlawful sexual assaults committed on the minor-plaintiff, Defendant Sandra Craft had either received notice or had reason to know that the minor-plaintiff was spending an inordinate amount of time with Karin Hetrick and was in Hetrick's classroom on occasions when she should not have been there.

48. On March 24, 2010, Defendant Sandra Craft received actual notice that Karin Hetrick was having improper contact with, and sexually abusing, the minor-plaintiff, but failed to take immediate action by notifying law enforcement and precluding Karin Hetrick from having further contact with the minor-plaintiff.

49. On March 24, 2010, Defendant Sandra Craft violated Brookville Area School district policy by asking Lisa Douglas, mother of minor-plaintiff, to keep the matter of sexual abuse of her daughter by Karin Hetrick quiet and not to pursue the matter.

50. On March 24, 2010, Defendant Sandra Craft did not engage in an appropriate investigation to preserve the evidence of the improper contact and sexual abuse upon the minor-plaintiff by Karin Hetrick and did not immediately notify law enforcement so that law enforcement could preserve said evidence.

51.     On March 24, 2010, and in the days following, Defendant Sandra Craft did not engage in an appropriate investigation of the facts and circumstances of this sexual abuse and issued an investigative report that simply stated that the teacher was released immediately as action taken to eliminate improper conduct and that the teacher has submitted her letter of resignation as the only follow-up action taken to ensure that remedial action is effective, without ever stating or specifying that the school district would take other action to ensure that this type of conduct did not occur in the future.

Doc. No. 33 (enumeration original to amended complaint).

Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Scheuer v. Rhodes*, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *See, e.g.*, *Graham*, 473 U.S. at 166. More is required, however, in an official-capacity action in order for a governmental official to be liable under § 1983. Liability attaches only when the entity itself is a "'"moving force"'" behind the deprivation. *Id.* (quotations omitted). In other words, in an official-capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law. *Monell*, *supra*; *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *id.*, at 827-828, 105 S.Ct., at 2437, 2438 (Brennan, J., concurring in judgment). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible under § 1983".
*Monell*, *supra.*, at 694.

In terms of the availability of defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law. *See, e.g., Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (absolute immunity); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (qualified immunity); *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) (same). In an official-capacity action, however, these defenses are not available. *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *see also Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Additionally, punitive damages are not available under § 1983 from a municipality, *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), but are available in a suit against an official personally, *see Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

Plaintiffs' complaint does not explicitly assert the capacity in which the causes of actions are brought against Defendant Craft, but that, in and of itself, does not impose a limitation on Plaintiffs' claims. As the Supreme Court has recognized, that is not dispositive. In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. *Graham*, 473 U.S. at n. 14. "The course of proceedings" in such cases typically will indicate the nature of the liability sought to be imposed. *Id*. (quoting *Brandon v. Holt*, 469 U.S. 464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985)). Given the early stage of this proceeding, particularly in light of the fact that Defendant Craft has yet to answer, the Court

will deny her motion to dismiss.  However, the Court notes that this denial is without prejudice, and Defendant Craft is permitted to raise this issue in the future if appropriate.

An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA DOUGLAS,** *individually and as the parent and natural guardian of K. E., a minor***,** | ) ) ) |
| | ) **2:10-cv-1087** |
| **Plaintiffs,** | ) ) |
| **v** | ) ) |
| **BROOKVILLE AREA SCHOOL DISTRICT, SANDRA CRAFT**, *Superintendent of the Brookville Area School District; and* **KARIN HETRICK,** | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER OF COURT

AND NOW, this 4th day of May, 2011, upon consideration of Defendant Sandra Craft's

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), (Doc. No. 37), and the response in

opposition thereto filed by Plaintiff (Doc. No. 40), and in accordance with the forgoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Defendant

Craft's Motion to Dismiss is **DENIED.** Defendants shall file an answer to Plaintiffs' complaint

on or before May 18, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

Cc: James J. Ross, Esquire
jross@brf-law.com
Thomas E. Breth, Esquire
tbreth@dmkcg-law.com
Robbie Taylor, Esquire
taylorlaw@windstream.net
Blair H. Hindman, Esquire
gnhh@choiceonemail.com