IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LISA DOUGLAS, individually and as the parent and natural guardian of K.E., a minor, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 10-1087 |
| KARIN HETRICK, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

### I. Introduction

Before the Court for disposition are the Plaintiff's MOTION FOR SUMMARY JUDGMENT (*ECF No. 55*), along with her supporting brief, supplement and exhibits (*ECF Nos. 56-58*), the Plaintiff's MOTION FOR ENTRY OF JUDGMENT (*ECF No. 72*), along with her supporting brief (*ECF No. 73*), and the response to the motion for entry of judgment filed by former Defendants Brookville Area School District ("District") and Sandra Craft ("Craft") (*ECF No. 76*). For the reasons that follow, the motion for summary judgment and the motion for entry of judgment will be granted.

### II. Background

Plaintiff Lisa Douglas ("Douglas"), the mother and natural guardian of K.E., a minor female, commenced this action against Defendant Karin Hetrick ("Hetrick"), the District and Craft to redress alleged violations of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972 ("Title IX") [20 U.S.C. § 1681 *et seq.*], and the common law of Pennsylvania respecting the tort of battery. ECF Nos. 1 & 33. The claims stemmed from a sexual relationship existing during the 2009/2010 school year between Hetrick, a 42-year-old female mathematics teacher and softball coach at Brookville High School ("Brookville"), and K.E., a 15-year-old sophomore at Brookville. *Id.* Douglas alleged that Hetrick had violated K.E.'s substantive due process right to "bodily integrity" and committed the tort of battery. ECF No. 33 at ¶¶ 33-40. She further alleged that the District had violated Title IX by failing to stop the relationship, and that both the District and Craft, the

1

District's superintendent, were liable under 42 U.S.C. § 1983 for "caus[ing]" K.E. "to be subjected to" violations of her Fourteenth Amendment rights. *Id.* at ¶¶ 18-32, 41-57.

Douglas filed a motion for summary judgment on August 24, 2011, seeking a judgment in her favor with respect to all of her claims. ECF No. 55. Two days later, the District and Craft moved for summary judgment with respect to the claims asserted against them. ECF No. 59. Hetrick did not respond to Douglas' motion for summary judgment. The Court granted the motion for summary judgment filed by the District and Craft in a memorandum opinion and order dated December 8, 2011. ECF No. 71 at 38-39. The District and Craft were dismissed as defendants in this case, and the caption was amended accordingly. *Id.* at 39-40. The portion of Douglas' motion for summary judgment pertaining to her claims against the District and Craft was denied, but the portion of her motion pertaining to the claims against Hetrick was not resolved. *Id.* at 38. Hetrick's counsel was ordered to respond to Douglas' motion for summary judgment on or before January 6, 2012. *Id.* at 39. A determination as to whether Douglas was entitled to summary judgment with respect to her substantive due process and battery claims against Hetrick was delayed so that the parties could "supplement their filings and inform the Court of their respective positions." *Id.* at 38. Copies of the Court's memorandum opinion and order were sent to Hetrick, who is presently incarcerated, and to her counsel. *Id.* at 40. The memorandum opinion clearly stated that summary judgment would be entered against Hetrick "without further inquiry" if she refused or failed to file a timely response to Douglas' motion for summary judgment. *Id.* at 21.

On December 20, 2011, Douglas filed a motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) and expressed a desire to immediately appeal the Court's decision granting summary judgment in favor of the District and Craft. ECF No. 72. In her motion, Douglas averred that her counsel had spoken with Hetrick's counsel, and that Hetrick had no objection to the entry of judgment in favor of the District and Craft. *Id.* at ¶ 30. In a response filed on January 9, 2012, the District and Craft expressed opposition to Douglas' motion, contending that the claims against Hetrick should be resolved before an appeal is taken. ECF No. 76 at ¶¶ 14-15, 20-30. The matter is presently before the Court and ripe for resolution.

### III. Discussion

The sexual contact between Hetrick and K.E. was prohibited under Pennsylvania law because of the respective ages of the two individuals. 18 Pa. Cons. Stat. § 3125(a)(8). It is not

clear from the record whether the sexual contact was otherwise consensual. In the prior memorandum opinion, the Court expressed uncertainty as to whether Hetrick's sexual encounters with K.E. had constituted actionable violations of the Fourteenth Amendment and the tort law of Pennsylvania. ECF No. 71 at 18-21, 36-38. It was determined that a response by Hetrick and supplemental briefing by Douglas would facilitate the proper resolution of those issues. *Id.* Nevertheless, Hetrick has not complied with the order requiring her to file a response to Douglas' motion for summary judgment on or before January 6, 2012. *Id.* at 39. Accordingly, the remaining portion of that motion is deemed to be unopposed. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Summary judgment will be entered in favor of Douglas as to the issue of Hetrick's liability for violating K.E.'s rights under the Fourteenth Amendment and Pennsylvania law. ECF No. 33 at ¶¶ 33-40. Only the amount of damages incurred by K.E. remains to be determined.

Douglas asks that judgment be entered in favor of the District and Craft so that she can immediately appeal the decision dismissing her Fourteenth Amendment and Title IX claims against them. ECF No. 73 at 2. She posits that Hetrick is "judgment proof," and that she would not be able to recover any monetary award entered against Hetrick. *Id.* at 3. Douglas further contends that "the possibility of two trials in this case" would force her to incur a "significant financial hardship." *Id.* at 4.

Douglas' motion is governed by Rule 54(b), which provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). A decision may be regarded as "final" where it constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Once it is determined that a decision is "final," a district court presented with a motion for entry of judgment "must go on to determine whether there is any just reason for delay." *Curtiss-Wright*

*Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Id.* Factors relevant to a determination under Rule 54(b) include "the relationship between the adjudicated and unadjudicated claims," "the possibility that the need for review might or might not be mooted by future developments in the district court," "the possibility that the reviewing court might be obliged to consider the same issue a second time," "the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final," and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006), quoting *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975)(footnotes omitted).

It cannot be doubted that the Court's decision granting the Defendants' motion for summary judgment constituted "an ultimate disposition" of the claims asserted against them. *Sears, Roebuck & Co.*, 351 U.S. at 436. The District and Craft were dismissed as defendants in this action. ECF No. 71 at 38-39. The caption was amended to reflect the fact that only the claims asserted against Hetrick remain pending. *Id.* at 40. Thus, the only question left to be answered is whether "there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8.

Although Title IX "reaches institutions and programs that receive federal funds," including entities such as the District, "it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 257, 129 S.Ct. 788, 172 L.Ed.2d 582 (2009). Consequently, the decision dismissing Douglas' Title IX claim against the District will not be impacted by further proceedings relating to her substantive due process and battery claims against Hetrick. Douglas cannot hold the District and Craft liable under § 1983 without establishing that Hetrick violated K.E.'s Fourteenth Amendment right to bodily integrity. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)(*per curiam*). If the issue of Hetrick's liability were still unresolved, an immediate appeal would place the District and Craft in the position of having to argue that hypothetical constitutional violations (rather than established constitutional violations) were not attributable to their conduct. Nonetheless, the Court has already determined

4

that Hetrick is liable for violating K.E.'s substantive due process rights, since she has chosen not to contest the claims asserted against her. This uncontested determination will most likely stand as "the law of the case" regardless of what is decided on appeal.[1] *Public Interest Research Group v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-117 (3d Cir. 1997). There is no longer a possibility that Douglas' appeal could be mooted by a determination that Hetrick's conduct did not violate K.E.'s Fourteenth Amendment rights. Douglas testified that K.E. was attending counseling sessions on a weekly basis. ECF No. 62-1 at 46. For this reason, there is no realistic possibility that a trial pertaining to the issue of damages will reveal that the measure of damages is zero, thereby rendering Douglas' claims entirely moot. There are no claims or counterclaims that "could result in a set-off" against the judgment rendered in favor of the District and Craft. *Berckeley Investment Group, Ltd.*, 455 F.3d at 203.

There is no substantial likelihood that the United States Court of Appeals for the Third Circuit will be "obliged to consider the same issue a second time." *Id.* Douglas asks that her claims against Hetrick be stayed while she pursues her appeal. ECF No. 72 at ¶ 30. She represents that Hetrick consents to this course of action, and Hetrick has not filed a response indicating the contrary. *Id.* Since no further action will be taken in this case until Douglas' appeal is resolved, no additional appeals will be required during the intervening period of time. If this Court's decision dismissing the claims against the District and Craft is ultimately affirmed, no further action will need to be taken with respect to those claims.

It is possible that the Court of Appeals will have to address issues relating to the liability of the District and Craft under § 1983, or the liability of the District under Title IX, more than once. If this Court's decision is reversed, the case will most likely be remanded for a trial pertaining to Douglas' substantive due process and Title IX claims. The losing party (or parties) could pursue an appeal based on the record developed during the trial. *Ortiz v. Jordan*, ___U.S. ___, ___, 131 S.Ct. 884, 889, 178 L.Ed.2d 703 (2011)("Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion."). The same possibility would still exist, however, if the Court were to delay the entry of judgment in favor of the District and Craft until after the claims against Hetrick are finally resolved. Douglas would still be free to appeal the dismissal of her claims against the District

---

[1] The District and Craft never argued that Hetrick did not violate K.E.'s constitutional rights in support of their motion for summary judgment. Instead, they assumed that K.E.'s constitutional rights had been violated and proceeded to argue that they were not responsible for Hetrick's misconduct. ECF No. 60.

and Craft at the summary-judgment stage, and the possibility of a post-trial appeal would not be eliminated. In this vein, the entry of judgment in favor of the District and Craft at this time will not make it *more* likely that the Court of Appeals will be obliged to reconsider the same issues at a later time. *Berckeley*, 455 F.3d at 203.

The "economic and solvency considerations" applicable in this case weigh in favor of granting Douglas' motion for entry of judgment. *Berckeley Investment Group, Ltd.*, 455 F.3d at 203. Douglas asserts that two trials would "place a severe hardship" on her and K.E. ECF No. 72 at ¶ 23. If Douglas succeeds on appeal, a second trial will have to be conducted to resolve the issue of the District's liability under § 1983 or Title IX, or Craft's liability under § 1983. The only purpose served by a trial at this time would be to assess the measure of damages incurred by K.E. In light of Douglas' representation that an award of damages against Hetrick would not be recoverable, there is "no just reason" why she should be forced to litigate her claims against Hetrick before proceeding with her appeal. FED. R. CIV. P. 54(b).

The Court acknowledges that Douglas' motion for entry of judgment is opposed by the District and Craft. ECF No. 76 at ¶¶ 14-15. The District and Craft, however, are no longer parties to this case. They have no interest in forcing Douglas to litigate her claims against Hetrick. The entry of judgment in their favor will place them in the same position that they would have been in had Douglas sued them without naming Hetrick as a defendant. The remaining parties to this case, Douglas and Hetrick, agree that this action should not proceed further until the appeal is resolved. A major purpose of Rule 54(b) is to make appellate review "available at a time that best serves the needs of the parties." *Allis-Chalmers Corp.*, 521 F.2d at 363. That purpose will be served by the entry of judgment in favor of the District and Craft. It would not be a productive use of the Court's time and resources to proceed with a trial that the parties themselves have no interest in pursuing at this time.

For the foregoing reasons, the Court will grant Douglas' motion for entry of judgment and enter judgment in favor of the District and Craft. ECF No. 72. Douglas' substantive due process and battery claims against Hetrick will be stayed pending the resolution of her appeal. *Wallace v. Kato*, 549 U.S. 384, 393-394, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)(recognizing a federal court's authority to stay pending claims).

January 11, 2012                                                                                                McVerry, J.

cc: James J. Ross, Esquire
Email: jross@brf-law.com

Thomas E. Breth, Esquire
Email: tbreth@dmkcg-law.com

Robbie M. Taylor, Esquire
Email: taylorlaw@windstream.net
Blair H. Hindman, Esquire
Email: gnhh@choiceonemail.com

Karin Hetrick
Inmate No. OR4920
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403-1238